# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| RACHEL GRIDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:17-CV-04027-DGK-SSA |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## **ORDER AFFIRMING THE COMMISSIONER'S DECISION**

Plaintiff Rachel Grider ("Plaintiff") petitions for review of an adverse decision by Defendant, the Acting Commissioner of Social Security ("Commissioner"). Plaintiff applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. The Administrative Law Judge ("ALJ") found Plaintiff had severe impairments of degenerative disc disease of the lumbar spine and cervical spine, carpal tunnel syndrome, major depressive disorder, generalized anxiety disorder, and social anxiety disorder, but retained the residual functional capacity ("RFC") to perform work as a dowel inspector, household appliance patcher, and a lens inserter.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### **Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed her application on October 23, 2013, alleging a disability onset date of February 16, 2012. The Commissioner denied the application at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing, and on December 23, 2015, issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for a review, leaving the ALJ's decision as the final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g).

**Standard of Review**

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id*. The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice, and a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

**Discussion**

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a

reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Plaintiff argues the ALJ erred by not including manipulative limitations in her RFC and improperly discounted her subjective complaints. After reviewing the record and the applicable law, the Court finds these arguments are without merit.

**I.     The ALJ did not err in formulating the RFC.**

Plaintiff argues the ALJ erred by failing to include manipulative limitations in her RFC relating to her severe impairment of carpal tunnel syndrome.

The RFC is an assessment of a claimant's ability to perform sustained work-related activities in a work setting eight hours a day, five days a week. *Ross v. Apfel*, 218 F.3d 844, 849 (8th Cir. 2000). It is the claimant's burden to establish limitations contained in the RFC. *Buford v. Colvin*, 824 F.3d 793, 796 (8th Cir. 2016). The ALJ determines a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). In addition to considering all of the evidence, the ALJ must build "an accurate and logical bridge" between the evidence and his or her decision. *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996) (Posner, J.); *St. Clair v. Colvin*, No. 2:12-04250-DGK-SSA, 2013 WL 4400832, at *2 (W.D. Mo. Aug. 14, 2013) (adopting a "logical bridge" analysis). The RFC determination is ultimately an administrative decision reserved for the Commissioner. *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007).

---

determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. § 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

Here, the record states that Plaintiff sought treatment for numbness and tingling in her hands and that she responded well to conservative treatment that included Aleve, physical therapy, stretches, and one cortisone injection. R. at 331, 333, 368. Notably, in November 2012, nine months after her disability onset date, Plaintiff stated her condition had improved, she was having less pain, and that she only experienced numbness and tingling when she groomed dogs. R. at 331.

The Court finds the ALJ fully considered the medical evidence, the observations of her treating physicians, and her own description of her limitations in formulating Plaintiff's RFC as to any limitations stemming from her carpal tunnel syndrome. The ALJ's decision discussed and summarized Plaintiff's medical treatment as it relates to her carpal tunnel syndrome and created a logical bridge between the evidence and his decision. R. at 16-17. *Cf. St. Clair*, 2013 WL 4400832, at *2 (remanding because the Court could not determine whether the ALJ's decision summarized all of the medical evidence, the uncited medical evidence stated claimant continued to experience symptoms, and the ALJ did not discuss the claimant's carpal tunnel impairment). Additionally, Plaintiff stated she only experiences numbness and tingling when she grooms dogs, and she testified at her hearing that she no longer grooms dogs, but only trains and supervises hired dog groomers. R. at 78-79. Moreover, Plaintiff did not provide any other evidence that her carpel tunnel syndrome limits her ability to work. *See Torgerson v. Colvin*, No. 12-3147-CV-S-REL-SSA, 2013 WL 4543312, at *40 (W.D. Mo. Aug. 27, 2013) (finding ALJ did not err by failing to assess physical limitations of a severe impairment because there was no evidence in the record that the severe impairment caused any functional limitations). Plaintiff's statement that her condition improved with conservative treatment and that she no longer grooms dogs explains why the ALJ did not find any specific limitations due to carpal tunnel syndrome. The Court

finds "to the extent that the ALJ did not include certain limitations, it is reasonable to believe that the ALJ found Plaintiff was not limited in those functions." *Davis v. Colvin*, No. 3:14-CV-05075-MDH, 2015 WL 1964791, at *5 (W.D. Mo. May 1, 2015) (citing *Depover v. Barnhart*, 349 F.3d 563, 567 (8th Cir. 2003)).

**II.     The ALJ did not err in discounting Plaintiff's subjective complaints.**

Next, Plaintiff argues the ALJ erred in discounting her subjective complaints because the ALJ mischaracterized the evidence.

Credibility questions are "primarily for the ALJ to decide, not the courts." *Baldwin v. Barnhart*, 349 F.3d 549, 558 (8th Cir. 2003). When the ALJ discounts a claimant's credibility, he must explain why he did so. *Lowe v. Apfel*, 226 F.3d 969, 971 (8th Cir. 2000). "If an ALJ explicitly discredits the claimant's testimony and gives good reasons for doing so, the Court should defer to the ALJ's credibility determination." *Gregg v. Barnhart*, 354 F.3d 710, 713 (8th Cir. 2003).

With respect to the claimant's subjective complaints, the ALJ must consider the *Polaski* factors: claimant's daily activities; the duration, frequency, and intensity of pain; the dosage, effectiveness and side effects of medication; any precipitating and aggravating factors; any functional restrictions; the claimant's work history; and the absence of objective medical evidence to support the claimant's complaints. *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). The ALJ need not discuss every *Polaski* factor. *See Buckner*, 646 F.3d at 558.

Plaintiff argues the ALJ erred by discounting her credibility based on any one of the *Polaski* factors. The ALJ discounted Plaintiff's subjective complaints citing that her part-time work at Walmart and at her dog grooming business, her activities of daily living, and her medical diagnostic reports and treatment, are inconsistent with her complaints of disabling pain. R. at 16.

In reviewing the ALJ's opinion, the ALJ did not discount the effects of Plaintiff's symptoms based on one *Polaski* factor, rather, the ALJ considered several *Polaski* factors and concluded based on the totality of those factors, the intensity, persistence, and limiting effects of Plaintiff's symptoms were not as disabling as she alleged. Thus, the ALJ did not err.

**Conclusion**

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:   December 8, 2017	  /s/ Greg Kays
	GREG KAYS, CHIEF JUDGE
	UNITED STATES DISTRICT COURT